IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TSC OFFSHORE CORPORATION, *et al.*, Plaintiffs, | § § § § | |
| v. | § | CIVIL ACTION NO. H-14-1599 |
| TRIUMPH DRILLING (SINGAPORE) PTE LIMITED, *et al.*, Defendants. | § § § § § | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Remand [Doc. # 14] filed by Plaintiffs TSC Offshore Corporation ("TSC") and Patriot Crane, LLC ("Patriot"), to which Defendants filed a Response [Doc. # 23], and Plaintiffs filed a Reply [Doc. # 28]. Having considered the full record and relevant legal authorities, the Court concludes that non-diverse Defendant Marlin Offshore Services, Inc. ("Marlin") was not improperly joined. As a result, the Court lacks subject matter jurisdiction over this dispute and the Motion to Remand is **granted**.

## I.     BACKGROUND

Plaintiffs allege that they entered into a contract with Defendants to provide cranes for use on an offshore submersible rig project. Plaintiffs allege that they provided the labor and other services required under the contract, but Defendants

failed to pay for them. Plaintiffs filed this lawsuit in the 215th Judicial District Court of Harris County, Texas, asserting claims for breach of contract, suit on sworn account, and *quantum meruit*. Plaintiffs seek to recover $731,000.00 they allege Defendants owe for the services provided.

Defendants filed a timely Notice of Removal, asserting that non-diverse Defendant Marlin was improperly joined. Plaintiffs filed a Motion to Remand, which has been fully briefed and is ripe for decision.

## II.   LEGAL STANDARDS

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

Defendants argues that Marlin was improperly joined and, as a result, the Court should disregard its Texas citizenship for purposes of diversity jurisdiction. A non-diverse defendant may be found to be improperly joined if there is "actual fraud in the pleading of jurisdictional facts" or if the removing defendant demonstrates that the plaintiff cannot establish a cause of action against the non-diverse defendant. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013); *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)). There is no allegation of actual fraud in Plaintiffs' pleading of the jurisdictional facts in this case.

The test under the second prong "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Kling*, 575 F.3d at 513 (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)); *see also Mumfrey*, 719 F.3d at 401. The party asserting improper joinder bears a heavy burden of persuasion. *Kling Realty,* 575 F3d at 514. "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

## III.    ANALYSIS

Plaintiffs assert their breach of contract, suit on sworn account, and *quantum meruit* claims against Marlin and the other Defendants.  Defendants argue that Plaintiffs failed to allege an adequate factual basis for imposing liability on Marlin in this case.

The adequacy of the allegations in Plaintiffs' complaint is evaluated, for purposes of the improper joinder analysis, under the Texas "fair notice" pleading standard.  *See Stevenson v. Allstate Texas Lloyd's*, 2012 WL 360089, *3 (S.D. Tex. Feb. 1, 2012) (Ellison, J.), and cases cited therein.  The "fair notice" pleading standard is satisfied if the defendant "can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant."  *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000).

*Quantum meruit* is an equitable claim based upon a party's implied promise to pay for beneficial services that were provided to that party and knowingly accepted. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005).  To adequately state a claim of *quantum meruit*, the plaintiff is required to allege that: "(1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; (4) under such circumstances as reasonably

notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged." *Ellis v. Reliant Energy Retail Servs., L.L.C.*, 418 S.W.3d 235, 255 (Tex. App. – Houston [14th Dist.] 2013, no pet.) (citing *Bashara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex. 1985)).  Plaintiffs allege that they provided labor and services to Defendants, including Marlin, in connection with the cranes installed on the offshore rig.  Plaintiffs allege that Defendants accepted those services with notice that Plaintiffs expected to be paid for the services provided.  These allegations adequately state a claim for *quantum meruit* under the Texas "fair notice" pleading standard.  Additionally, Plaintiffs attached to the Original Petition a copy of Sales Orders identifying "W.D. Kent & Searex IX c/o Marlin Offshore Services, Inc." as the name and address of the purchaser and as the "Ship To" party.  *See* Original Petition [Doc. # 1-2], Exh. A. Plaintiffs also attached Invoices identifying "W.D. Kent & Searex IX c/o Marlin Offshore Services, Inc." as the "Bill To" party and "Searex IX Ltd. c/o Marlin Offshore Services, Inc." as the "Ship To" party.  *See id.*, Exh. B.[1]  It appears from these documents that Marlin was involved to some extent in the provision of services by Plaintiffs to Defendants.  Indeed, Marlin was listed on these documents in

---

[1] Defendants argue that a "c/o" designation precludes a finding that the services were provided to Marlin for its own benefit.  In support of the argument, Defendants cite no cases decided under Texas law and this Court's research has revealed none.

connection with the purchase of services from Plaintiffs, the receipt of those services, and the obligation to pay Plaintiffs for their services. Plaintiffs adequately allege a claim for *quantum meruit* and support the allegations with the Sales Orders and Invoices attached to the Original Petition. As a result, the Court cannot find based on the pleadings that there is no possibility of recovery by Plaintiffs against Marlin in Texas state court.

Defendants argue also that there is no possibility that liability could be imposed on Marlin under Texas state law because the statute of limitations has expired, barring Plaintiffs' claims. Plaintiffs allege in the Original Petition that the statute of limitations was tolled subject to a Tolling Agreement. Additionally, as argued by Plaintiffs in their Reply, further discovery may reveal that any statute of limitations defense is precluded by the discovery rule and/or equitable estoppel. *See* Reply, p. 2. As a result, Marlin's assertion of a statute of limitations defense at this early stage of the case does not lead to the conclusion that there is no possibility that Plaintiffs could recover against Marlin in state court.

Given the liberal pleading standard under Texas law, and in light of the presumption in favor of remand if there is any doubt regarding the propriety of removal, the Court concludes that Defendants have failed to satisfy their heavy burden to demonstrate that there is no possibility Plaintiffs could recover against Marlin in

Texas state court. As a result, this Court lacks subject matter jurisdiction and the Motion to Remand is granted.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, Defendants have failed to establish that there is no possibility that Plaintiffs could recover in state court against non-diverse Defendant Marlin. As a result, Defendants have not met their burden to show Marlin was improperly joined, and the Court must consider its Texas citizenship. Because Plaintiffs and Marlin are Texas citizens, complete diversity is absent in this case. Accordingly, the Court lacks subject matter jurisdiction, and it is hereby

**ORDERED** that Plaintiffs' Motion to Remand [Doc. # 14] is **GRANTED**. It is further

**ORDERED** that all other pending motions [Docs. # 8, # 9, # 10, and # 15] are **DENIED WITHOUT PREJUDICE** to being reurged in state court following remand.

The Court will issue a separate Remand Order.

SIGNED at Houston, Texas, this 15th day of **August, 2014**.

_____
Nancy F. Atlas
United States District Judge